*5*

CHRISTOPHER M. MCDERMOTT (SBN 253411)
cmcdermott@aldridgepite.com
TODD S. GARAN (CA SBN 236878)
tgaran@aldridgepite.com
**ALDRIDGE PITE, LLP**
4375 Jutland Dr., Ste. 200
P.O. Box 19734
San Diego, CA 92177-9734
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for Secured Creditor:
THE BANK OF NEW YORK MELLON f/k/a THE BANK OF NEW YORK as Trustee for FIRST HORIZON ALTERNATIVE MORTGAGE SECURITIES TRUST 2005-AA8; Nationstar Mortgage LLC, (dba Mr. Cooper) as servicer

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA – MODESTO DIVISION

| | |
|---|---|
| In re<br><br>JOHN HST YAP and IRENE LAIWAH LOKE,<br><br>Debtors and Debtors in Possession | Chapter 11<br><br>Case No. 20-90210<br><br>D.C. No. AP-1___<br><br>**MOVANT'S 4001(d) MOTION TO APPROVE STIPULATION RE: TERIMINATION OF THE AUTOMATICSTAY AND POINTS & AUTHORITIES IN SUPPORT THEREOF**<br><br>**[F.R.B.P. 4001(d)(1)]**<br><br>**Class 1A**<br><br>**Subject Property:**<br>*1032 Deena Way*<br>*Fallon, NV 89406*<br><br>**Hearing:**<br>Date: April 29, 2021<br>Time: 10:30 a.m.<br>Ctrm: 33<br>Place: 501 "I" Street<br>　　　Sacramento, CA 95814<br>Judge: Hon. Ronald R. Sargis (Chief) |

/./././

/././

## I. INTRO

Secured Creditor, THE BANK OF NEW YORK MELLON f/k/a THE BANK OF NEW YORK as Trustee for FIRST HORIZON ALTERNATIVE MORTGAGE SECURITIES TRUST 2005-AA8; Nationstar Mortgage LLC (dba Mr. Cooper) as servicer ("Movant"), pursuant to Rule 4001(d)(1) of the Federal Rules of Bankruptcy Procedure, will and hereby submits its Motion ("Motion") for an Order Approving the Stipulation Re: Termination of the Automatic Stay and Surrender of Property (the "Stipulation") entered into by and between the above-captioned Debtors, John HST Yap and Irene Laiwah Loke (collectively, "Debtors") and Movant (collectively, the "Parties"), by and through their respective counsel of record, with respect to the real property located at 1032 Deena Way, Fallon, NV 89406 ("Deena Property").

## II. STATEMENT OF FACTS

*Creditor's Claim:*

The Loan is evidenced by a promissory note dated July 7, 2005 executed by Debtors to First Horizon Home Loan Corporation ("Lender") in the principal sum of $178,800 (the "Note"). (*See, Proof of Claim No.2-1*).[1]

The Note is secured by a first position deed of trust (the "Deed of Trust") encumbering the Deena Property that was duly recorded on July 14, 2005, in the Official Records of Churchill County, State of Nevada. (*See, Proof of Claim No.2-1*). Subsequently, all of Lender's beneficial interest in the Loan was assigned and transferred to Movant. (*Id*.). The Note and Deed of Trust may be referred to collectively herein as the "Loan."

/./././

/././

/././

---

[1] Pursuant to Rules 201(b) and 201(d) of the Federal Rules of Evidence, which are made applicable to this proceeding by Rule 9017 of Federal Rules of Bankruptcy Procedure, Movant requests that the court take judicial notice of the documents and pleadings that are on file and part of the record in the instant case.

*The Bankruptcy Proceedings:*

On March 17, 2020, Debtors filed the instant bankruptcy petition under Chapter 11 of the Bankruptcy Code in the U.S. Bankruptcy Court for the Eastern District of California – Sacramento Division, and assigned Case No. 20-90210.

Movant filed a Proof of Claim against the Debtors' Estate for $340,814.41, secured by the Deena Property, with pre-petition arrears in the amount of $196,424.52. (*See*, *Proof of Claim, No.2-1*).

On February 17, 2021, Debtors filed their combined Chapter 11 Disclosure Statement and Plan (collectively, "Plan"). (*See, Dkt. No.175*). Movant's Claim is identified as a Class 1A Unimpaired Claim and Property to be surrendered. (*See, Dkt. No.175*).

On March 24, 2021, Debtors and Movant executed a Stipulation Re: Termination of the Automatic Stay and Surrender of the Property ("Stipulation"). (*See, Exhibit 1*).

## III. ARGUMENT

**A.  THE PARTIES ARE IN AGREEMENT THAT MOVANT IS ENTITLED TO TERMINATION OF THE AUTOMATIC STAY**

**1. Legal Standard.**

Pursuant to Rule 4001(d)(1)(A)(iii) of the Federal Rules of Bankruptcy Procedure, a party may file a motion seeking approval of an agreement to modify or terminate the stay provided for in §362. Fed. R. Bankr. P. 4001(d)(1)(A)(iii). A motion brought pursuant to Rule 4001(d) must contain "a concise statement of the relief requested…that lists or summarizes, and sets out the location within the relevant documents of, all material provisions of the agreement." Fed. R. Bankr. P. 4001(d)(1)(B). Rule 4001(d) operates to protect the interest of the creditor who may be adversely affected by an undisclosed agreement by requiring notice to parties who may

have an interest in, or be affected by, such an agreement. *In re Manchester Ctr.*, 123 B.R. 378, 381 (Bankr. C.D. Cal. 1991)(citation omitted).

## 2. Relief Requested.

By this Motion, Movant seeks the Court's approval of the Stipulation.

## 3. Material Provisions.

The Stipulation contains the following material provisions:

- Movant's claim (its successors and/or assigns) secured by the Deena Property shall not be modified in any way, shall be fully secured and Debtors' Chapter 11 Plan shall not alter or modify the legal, equitable, and contractual rights under the Note and Deed of Trust (*see* Stipulation, ¶ 1);

- The Automatic Stay of 11 United States Code §362(a) is hereby immediately terminated and extinguished for all purposes as it applies to Movant and Movant may proceed with foreclosure of the Deena Property under the terms of Note and Deed of Trust and pursuant to applicable state law to obtain possession of the Subject Property, including unlawful detainer, if required, without further Order or proceeding of the Court (*see* Stipulation, ¶ 3);

- Upon entry of the Order Confirming Debtors' Chapter 11 Plan, the Deena Property shall be deemed surrendered to Movant and no longer be deemed property of the Debtors' bankruptcy estate. Debtors agree that Debtors' Chapter 11 Plan of Reorganization (including any modifications or amendments thereto) shall continue to reflect that Creditor's Claim is unimpaired, Debtors have surrendered the Deena Property to Creditor, and that the Order Confirming Plan likewise constitutes an order for relief from the Automatic Stay so Creditor may continue to proceed with its remedies as to the Deena Property under the Loan and state law without further notice, or proceeding of this Court (*see* Stipulation, ¶ 2);

- The 14-day stay of Federal Rule of Bankruptcy Procedure 4001(a)(3) is hereby waived (*see* Stipulation, ¶ 4);

- The Order approving the Stipulation shall remain binding and effective despite the conversion of Debtors' case to another chapter under the U.S. Bankruptcy Code (*see* Stipulation, ¶ 5); and

- The terms of the Stipulation may not be modified, altered, or changed by the Debtors' Chapter 11 Plan of Reorganization, any subsequent modification or amendment to the Plan or related confirmation order on the foregoing without the express written consent of Movant, or pursuant to Court Order after a Noticed Hearing. (*see* Stipulation, ¶ 9).

In short, the Debtors are seeking to surrender the Deena Property, and the Stipulation Terminates the Automatic Stay of § 362 as to the Deena Property as Debtors confirm the Subject Property will not be necessary for a reorganization and/or property of the Debtors' Bankruptcy estate. Except as stated herein, the Stipulation does not contain any of provisions of the type listed in subsection (c)(1)(B) of Rule 4001. Since the Stipulation affects only the rights of Movant and Debtors, and does not modify any of the obligations under the Loan, it should be approved.

## IV. CONCLUSION

For the reasons set forth herein, Movant requests an order approving the Stipulation.

**WHEREFORE**, Movant respectfully prays for:

1. An order granting this Motion and approving the Stipulation; and
2. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: <u>March 24, 2021</u>　　　　ALDRIDGE PITE, LLP

By: /s/ Todd S. Garan (CA SBN 236878)
　　Todd S. Garan
　　Attorneys for Movant